This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                        **No. 32,892**

**CHRISTIAN V.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Child was charged with the delinquent act of larceny. Child filed a motion to dismiss the charge on the grounds that the delay between the preliminary inquiry and the filing of the delinquency petition exceeded the time permitted by NMSA 1978, Section 32A-2-7(D) (2005). The district court denied Child's motion and Child stipulated to having committed the larceny and was sentenced. This Court issued a calendar notice proposing to affirm the district court's ruling, given that Child had failed to make any showing of prejudice resulting from the delay. *See* § 32A-2-7(D) ("If a Child is not in custody or detention, a petition shall not be dismissed for failure to comply with the time limit set forth in this subsection *unless* there is a showing of prejudice to the child." (emphasis added)). In response to this Court's proposed disposition, Child has filed a notice informing this Court that he does not intend to file a memorandum in opposition to this Court's notice of proposed summary affirmance, but instead chooses to rely on "the facts, authorities and arguments contained in his initial memorandum." "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. "Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice." *Frick v. Veazey*, 1993-NMCA-119,

¶ 2, 116 N.M. 246, 861 P.2d 287. As a result, for the reasons articulated in our second notice of proposed disposition, we affirm.

2}      **IT IS SO ORDERED.**


_____
                              **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**